# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

CONIE R. ROBERTSON,

    Plaintiff,

  vs.

RYAN S. HARVEY, et al.,

    Defendants.

_____/

No. 2:14-cv-2888-TLN-CMK

FINDINGS AND RECOMMENDATION

       Plaintiffs, proceeding pro se, filed this civil action in the Trinity County Small Claims Court against Ryan Harvey, an employee of the United States Forest Service (USFS).  On December 11, 2014, the United States removed the case from the Small Claims Court to this Court, pursuant to 28 U.S.C. §§ 1442 and 2679(d), because Ryan Harvey was certified to be a federal employee of the United States Forest Service "acting within the scope of his employment at the time of the alleged incident giving rise to plaintiff's claim," bringing him under the protection of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. Accordingly, the United States also noticed the Court that the United States was the proper defendant in this matter, pursuant to 28 U.S.C. § 2679(d).  Pending before the court is the United States' motion to dismiss for lack of jurisdiction (Doc. 7).

1

**I.     Background**

In plaintiff's small claims complaint, he alleges that due to a fire at his home in Junction City on August 14, 2013, he lost his home and belongings, vehicles, boat, and trailer. Several agencies responded to the fire, including the Junction City Volunteer Fire Department, USFS, and Cal-Fire.  Plaintiff was informed that the fire occurred in USFS responsibility area, and that any report would come from that agency.  Plaintiff had difficulty obtaining a copy of the fire report.  On September 11, 2013, USFS employee Ryan Harvey arrived at the property, asked some questions, walked around, and took pictures.  Plaintiff provided him information, including witness names and locations.  Plaintiff informed Mr. Harvey that his insurance company had requested a copy of the fire report within 90 days of the loss.  After making several inquiries, plaintiff was informed that the way to obtain a copy of the report to was file a Freedom of Information Request.  After doing so, plaintiff received a copy of the report on November 16, 2013. "There were so many errors on the report that I couldn't believe any one would submit such a report." (Doc. 1, Ex. A at 8).  Plaintiff appealed the report due to the errors.  He then received a letter from USFS on March 26, 2014, stating he was indebted to them for $13, 611.27 for suppression costs of the fire.  Sometime thereafter, he received a second copy of the fire report, with some errors being corrected.  Plaintiff states he was not allowed a hearing during his appeal of the report, he was only allowed to submit a rebuttal in writing.  Plaintiff contends that Mr. Harvey's report "was a fraudulent report, comprised of numerous lies." (Id. At 9).  He states that he filed the small claims action against Mr. Harvey so an unbiased court could look at the evidence he has, and to recoup a small fraction "of what this persons fraudulent document" cost plaintiff and his wife.  "I cannot understand what kind of a person would fabricate mis-leading data, in an attempt to extort money from people that have had their lifetime possessions destroyed, many of which are not replaceable." (Id.)

/ / /

/ / /

**II.     Motion to Dismiss**

    A.     <u>Motion</u>

Defendant filed the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of jurisdiction. Defendant contends that plaintiff failed to exhaust his administrative remedies by filing a claim under the Federal Torts Claim Act (FTCA) prior to filing this case, and that even if plaintiff had filed an administrative claim, his claim is barred by sovereign immunity under the FTCA. Plaintiff did not specifically file an opposition to the motion addressing the jurisdictional issues raised, but filed briefs in support of his complaint.

    B.     <u>Standards</u>

Rule 12(b) (1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on the grounds that the court lacks jurisdiction over the subject matter. <u>See</u> Fed. R. Civ. P. 12(b)(1). Plaintiff has the burden to establish that the court has subject matter jurisdiction over an action. <u>Assoc. of Med. Colls. v. United States</u>, 217 F.3d 770, 778–779 (9th Cir.2000). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (citations omitted).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir.2004). When a defendant files a facial challenge to jurisdiction, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. <u>See</u> <u>Wolfe v. Strankman</u>, 392 F.3d 358, 362 (9th Cir.2004); <u>see also</u> <u>Meyer</u>, 373

F.3d at 1039. When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. See id.

      C.     Discussion

Defendants argue the court should dismiss this action for lack of jurisdiction on two basis. First, they contend plaintiff failed to exhaust his administrative remedies prior to bringing this action. Second, they argue that even if plaintiff had properly exhausted, this action would be barred by sovereign immunity, pursuant to 28 U.S.C. § 2680(h).

      1.     Failure to Exhaust

The Federal Tort Claims Act (FTCA) bars claimants from seeking damages against the United States in federal court until they have exhausted their administrative remedies. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993). The FTCA provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional, which must be strictly adhered to. See Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

Here, defendant has provided a sworn declaration stating that there is "no record to indicate that Mr. Robertson had submitted an administrative tort claim in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2675(a)." (Decl. Of Cynthia Zabolzadeh, Doc. 7-3 at 2).

Plaintiff has offered no evidence to the contrary. Indeed, plaintiff has not filed an opposition to defendant's motion addressing the jurisdictional issues raised, and thus made no attempt to establish whether this Court has subject matter jurisdiction over the claim. Accordingly, the Court has no choice but to find that it lacks jurisdiction over plaintiff's claim against the United States.

        2.        <u>Sovereign Immunity</u>

Plaintiff's exclusive remedy for his tort claims is an action against the United States under the FTCA. The FTCA waives the federal government's sovereign immunity for certain tort claims by persons injured by actions of a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, 28 U.S.C. § 2680(h) specifically excludes "[a]ny claim arising out of ... misrepresentation, deceit, or interference with contract rights" from liability under the FTCA. The Supreme Court has determine that the retention of sovereign immunity under § 2680(h) covers both claims of negligent misrepresentation and claims of fraudulent misrepresentation. <u>See</u> <u>United States v. Neustadt</u>, 366 U.S. 696, 702 (1961). To determine whether a claim is barred by § 2680(h), the court "looks beyond the labels used" by the plaintiff. <u>Thomas–Lazear v. FBI</u>, 851 F.2d 1202, 1207 (9th Cir.1988). Rather, the court is to "examine whether the conduct upon which the claim is based constitutes one of the torts listed in § 2680(h)." <u>Sabow v. United States</u>, 93 F.3d 1445, 1456 (9th Cir.1996).

Here, plaintiff alleges Mr. Harvey issued a fraudulent fire report, intentionally misrepresenting the facts of the fire involving plaintiff's property causing him harm. Even reading the complaint broadly, the only claim the court sees alleged is a tort claim for fraud or misrepresentation. No other claims are articulated by plaintiff in his opposition. As such claims are barred by § 2680(h), the undersigned sees no option but to dismiss this case. However, to the extent plaintiff has some other claim against the defendant he intended to raise, the undersigned will recommend dismissal without prejudice so he may have the opportunity to bring those claims by following the proper administrative procedure, if any is available to him.

### III. Conclusion

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to dismiss (Doc. 7) be granted;
2. Plaintiff's complaint be dismissed without prejudice; and
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE